## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **EMMA APODACA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **EP-25-CV-50-KC** |
| **SCI TEXAS FUNERAL SERVICES,** | § | |
| **LLC, d/b/a CRESTVIEW FUNERAL** | § | |
| **HOME d/b/a HILLCREST FUNERAL** | § | |
| **HOME,** | § | |
| | § | |
| *Defendant.* | § | |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court is Defendant SCI Texas Funeral Services, LLC's "Motion to Dismiss and Compel Arbitration" [hereinafter "Def.'s Mot. Compel"], ECF No. 7, and Plaintiff Emma Apodaca's "Motion to Strike the Evidence Attached to Defendant's Reply to Plaintiff's Objections and Response to Defendant's Motion to Dismiss and Compel Arbitration" [hereinafter "Pl.'s Mot. Strike"], ECF No. 12 (collectively, "Motions"). This case was assigned to United States District Judge Kathleen Cardone, who then referred the Motions to the undersigned Magistrate Judge.

For the reasons set forth herein, the Court (1) denies Plaintiff's Motion to Strike; (2) grants Defendant's Motion to Compel in part, as to its request that Plaintiff be compelled to submit her claims to arbitration; and (3) recommends denying Defendant's Motion to Compel in part, with respect to its request that the Court dismiss Plaintiff's claims with prejudice.

## I.    BACKGROUND

Plaintiff filed suit against Defendant, her former employer, on February 19, 2025, asserting claims of disability discrimination and retaliation under the Texas Commission on Human Rights

Act ("TCHRA") and Americans with Disabilities Act ("ADA").  Compl. ¶ 13, 38, ECF 1. Thereafter, Defendant filed its Motion to Compel, asking the Court to compel arbitration and dismiss Plaintiff's claims with prejudice.  Def.'s Mot. Compel. 4.  In her Response to the Motion to Compel and separately filed Evidentiary Objections, Plaintiff argued that the exhibits attached to the Motion to Compel were inadmissible and that Defendant failed to meet its burden to prove an arbitration agreement existed.  Pl.'s Resp. Def.'s Mot. Dismiss & Compel Arb. 7–18 [hereinafter "Pl.'s Resp. Mot. Compel."], ECF No. 9; Pl.'s Objs. Def.'s Evid. Supp. Def.'s Mot. Dismiss. & Compel Arb. ["Pl.'s Evid. Objs."], ECF No. 8.

To cure the identified deficiencies in the evidentiary record, Defendant filed a Reply which presented new allegations and was supported by evidence not yet on the record.  *See* Def.'s Reply Pl.'s Objs. & Resp. Def.'s Mot. Dismiss & Compel Arb. [hereinafter, "Def.'s Reply Mot. Compel"], ECF No. 11.  Most pertinently, the Reply introduced the Declaration of Brian Pellegrin, which Defendant relied upon to authenticate the exhibits attached to the Motion to Compel.  *See id.* at 9; Reply Mot. Compel Ex. 1, at 2–7 [hereinafter "Pellegrin Decl."], ECF No. 11-1.  Plaintiff subsequently filed her Motion to Strike, in which she argued that the Court must strike Defendant's newly introduced evidence because it was proffered for the first time in a reply brief.  *See* Pl.'s Mot. Strike.

## II.    DISCUSSION

Before the Court for consideration are (1) Plaintiff's motion to strike the exhibits attached to Defendant's Reply to the Motion to Compel, (2) Plaintiff's evidentiary objections to the exhibits

attached to Defendant's Motion to Compel,[1] (3) Defendant's request to compel Plaintiff to submit her claims to arbitration, and (4) Defendant's request to dismiss Plaintiff's claims with prejudice.[2]

## A. Plaintiffs' Motion to Strike is denied.

Because the Declaration serves both to bolster Defendant's Motion to Compel and to authenticate the accompanying exhibits, the Court must first resolve the issues raised in Plaintiff's Motion to Strike.

"Generally, . . . a reply brief is . . . 'is not the appropriate vehicle for presenting new arguments or legal theories to the court.'" *AAR, Inc. v. Nunez*, 408 F. App'x 828, 830 (5th Cir. 2011) (quoting *United States v. Feinberg*, 89 F.3d 333, 340–41 (7th Cir.1996)). However, a court may review evidence proffered for the first time in a reply brief where an opponent is given "an adequate opportunity to respond prior to a ruling." *RedHawk Holdings Corp. v. Schreiber Tr. of*

---

[1]    The Court acknowledges that Plaintiff raised the same objections to the evidence attached to Defendant's Reply and Response to the Motion to Strike. *See* Pl.'s Objs. Def.'s Evid. Attach. Def.'s Reply Pl.'s Objs. & Resp. Def.'s Mot. Dismiss & Compel Arb., ECF No. 13; Pl.'s Reply Supp. Pl.'s Mot. Strike Def.'s Reply Evid. 7, ECF No. 18. For the reasons provided herein, *see infra* Section II(B), the objections are overruled in part and sustained in part.

[2]    As a threshold matter, this Court must determine the scope of its authority to rule on the issues presented. District judges are authorized to designate magistrate judges to hear and determine non-dispositive pretrial matters, other than those excepted by 28 U.S.C. § 636(b)(1)(A), and refer all other matters for report and recommendation. § 636(b)(1); W.D. Tex Civ. R.  app. C, R. 1(c)–(d). Given its clearly dispositive nature, this Court is limited to issuing a report and recommendations to address Defendant's request to dismiss the action with prejudice. *See* § 636(b)(1)(A) (a district judge may not "designate a magistrate judge to hear and determine . . . a motion . . . to involuntarily dismiss an action."). In contrast, this Court may independently resolve Plaintiff's Evidentiary Objections and Motion to Strike, as both filings simply raise evidentiary issues which do not bear on the disposition of either party's claims or defenses.

Whether a motion to compel arbitration is dispositive presents a somewhat more nuanced issue. While the Fifth Circuit has declined to squarely reach "the question of whether a motion to compel arbitration is a dispositive or non-dispositive motion for purposes of the standard of review by the district judge of the magistrate judge's order," *see Lee v. Plantation of Louisiana, LLC*, 454 F. App'x 358, 360 n.3 (5th Cir. 2011) (citing *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010)), it has separately held, in other contexts, that an order compelling arbitration is not a "final" judgment on the case, *see Psara Energy, Ltd. v. Advantage Arrow Shipping, LLC*, 946 F.3d 803, 807–09 (5th Cir. 2020) (order referring suit to arbitration, without dismissing the case, is not a final order for the purposes of appellate review); *Sanchez v. Marathon Oil Co.*, No. 21-20223, 2021 WL 4995483, at *2 (5th Cir. Oct. 27, 2021) (same). Further, circuit courts which have addressed the issue have determined that magistrates can enter orders to compel arbitration, *see PowerShare, Inc.*, 597 F.3d at 14 (an order to compel arbitration "is not dispositive of either the case or any claim or defense within it"); *Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131, 134 (3d Cir. 2014) (an order compelling arbitration "does not dispose of the case, or any claim or defense found therein," but instead, "merely suspend[s] the litigation while orders denying it continue the underlying litigation"), and "no circuit court has held that a motion to compel arbitration is a dispositive motion outside the jurisdiction of a magistrate judge," *Carrillo v. ROICOM USA, LLC*, 486 F. Supp. 3d 1052, 1060 (W.D. Tex. 2020). The Court therefore concludes that it is authorized to decide the motion to compel arbitration.

*Schreiber Living Tr. - DTD 2/8/95*, 836 F. App'x 232, 235 (5th Cir. 2020) (quoting *Thompson v. Dall. City Attorney's Office*, 913 F.3d 464, 471 (5th Cir. 2019)).

Courts within the Circuit have held that an adverse party is afforded an adequate opportunity when they are given "ample" time to respond, even when they fail to do so.  *See Sullivan v. Garza Cnty. Sherrif's Off.*, No. 5:23-cv-49, 2023 WL 9219306, at *18 n.16 (N.D. Tex. Nov. 3, 2023).  Approximately seven months have passed since Defendant filed its Reply, leaving Plaintiff with more than sufficient time to file her own evidence and arguments.  *See, e.g., id.* ("ample" time where opponent had two months to seek leave to file sur-reply); *Commodity Futures Trading Comm'n v. EOX Holdings LLC*, 405 F. Supp. 3d 697, 714 (S.D. Tex. 2019) (same, where non-movant had six months).  In those seven months, Plaintiff could have availed herself of the opportunity by moving for leave to file a sur-reply – a motion which Defendant would likely not have opposed, *see* Def.'s Resp. Pl.'s Objs. & Mot. Strike Evid. Attached Def.'s Reply Pl.'s Objs. & Resp. Def.'s Mot. Dismiss & Compel Arb. 3, ECF No. 14, and which precedent would have required be granted.  *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) (holding district court abused discretion by denying non-movant to leave to file a sur-reply to address new evidence contained in movant's reply).  That she instead chose to use time to challenge the Reply on evidentiary and procedural grounds, Pl.'s Evid. Objs.; Pl.'s Mot. Strike,  rather than to advance substantive arguments or submit additional evidence, does not alter the analysis.

Accordingly, Plaintiff Emma Apodaca's "Motion to Strike the Evidence Attached to Defendant's Reply to Plaintiff's Objections and Response to Defendant's Motion to Dismiss and Compel Arbitration," ECF No. 12, is **DENIED**.  The Court will consider the Pellegrin Declaration

when resolving Plaintiff's evidentiary objections and assessing the merits of Defendant's Motion to Compel.

**B. Plaintiff's evidentiary objections are overruled in part and sustained in part.**

The Court must next address Plaintiff's evidentiary objections.  In support of it Motion to Compel, Defendant submitted an exhibit titled "Mutual Resolution Process Agreement" ("MRPA"), *see* Def.'s Mot. Compel Ex. 1 at 2–9, ECF No. 7-1,  which it identified as an arbitration agreement electronically signed by Plaintiff on May 15, 2019, *see* Def.'s Mot. Compel 2; Def.'s Mot. Compel Ex. 1 at 2.  Defendant also attached a printed table of information, *id.* at 10–13, represented to be a report showing Plaintiff's electronic signature history ("Report"), *see* Def.'s Reply Mot. Compel 6; Pellegrin Decl. ¶ 13.  Plaintiff raises several objections to the admissibility of both documents.  *See* Pl.'s Evid. Objs.

*1. Plaintiff's authentication objections are overruled.*

Plaintiff first objects to the MRPA and Report as unauthenticated.  Pl.'s Evid. Objs. 2–3.  "Authentication is a low burden, requiring only a showing 'sufficient to support a finding that the item is what the proponent claims it is.'"  *Allen v. Hays*, 812 F. App'x 185, 193 (5th Cir. 2020) (citing Fed. R. Evid. 901(a)).  Where, as here, a party seeks to authenticate evidence from an electronic source, the proponent need only proffer "testimony by a witness with direct knowledge of the source, stating that the exhibit fairly and fully reproduces it."  *Weinhoffer v. Davie Shoring, Inc.*, 23 F.4th 579, 582 (5th Cir. 2022) (quoting *Thompson v. Bank of America Nat. Ass'n*, 783 F.3d 1022, 1027 (5th Cir. 2015)).

Plaintiff first objected to the MRPA and Report as unauthenticated on April 16, 2025, specifically arguing that Defendant failed to "proffer any sworn testimony attesting to the authenticity of the document by a person with 'direct knowledge of the source' of the document."

Pl.'s Evid. Objs. 2–3 (quoting *Weinhoffer*, 23 F.4th at 582) (citing *Balboa Cap. Corp. v. Okoji Home Visits MHT, LLC*, 111 F.4th 536).   To remedy the purported deficiencies, Defendant subsequently submitted the Declaration by Brian Pellegrin.   Def.'s Reply Mot. Compel 9; *see* Pellegrin Decl.   In his Declaration, Pellegrin stated that he provides information technology support to Defendant, Pellegrin Decl. ¶ 1, and is familiar with the manner in which the electronic copies of the MRPA and Report were created by virtue of the duties and responsibilities of his position, *see id.* ¶ 16.   He further stated that both exhibits are "complete and original or exact copies of the original."   *Id.*   Given this testimony, the Court finds that the MRPA has been sufficiently authenticated as "the MRPA Plaintiff signed on May 15, 2019," and the Report has been authenticated as a "report . . . showing Plaintiff's electronic signature history." *See id.* ¶ 13.

Therefore, Plaintiff's objections as to the authenticity of the Report and MRPA are **OVERRULED**.

### 2. *Plaintiff's relevance objections are overruled in part and sustained in part.*

Plaintiff objects to the entirety of MRPA, as well as several statements contained in the Report, as irrelevant.   Pl.'s Evid. Objs. 3–14.   Evidence is considered irrelevant, and thus inadmissible, if it lacks "any tendency to make a fact more or less probable than it would be without the evidence" or is not "of consequence in determining the action."   Fed. R. Evid. 401, 402.

Plaintiff first argues that the MRPA is irrelevant because it does not reference the parties' names, and thus, "cannot serve as evidence making the alleged existence of an arbitration agreement . . . any more or less likely."   Pl.'s Evid. Objs. 3.   Given that the MRPA is an authenticated agreement between the parties, *see supra* Section II(B)(1), it is clearly probative of whether Plaintiff agreed to arbitration.   Accordingly, the Plaintiffs' objection that the MRPA is irrelevant is **OVERRULED**.

Plaintiff next argues that several entries included in the Report are irrelevant. Pl.'s Evid. Objs. 3–12, 14. However, she does not contest the relevance of the entry titled "Mutual Resolution Process Agreement (English)," which indicates that, on May 15, 2019, Plaintiff electronically signed a PDF form attached as "SCI_Mutual Resolution Process_Agreement_Ver 4-2-19_FINAL.pdf." *See* Pl.'s Evid. Objs. 3–14; Def.'s Mot. Compel Ex. 1 at 12.

The Court agrees that the challenged entries – which either do not reference an arbitration agreement or are signed by individuals not alleged to be parties to the MRPA – carry little consequence in determining the issues at bar. *See* Pl.'s Evid. Objs. 3–12, 14. While the Court may "allow[] the admission of portions that are 'relevant and 'necessary to qualify, explain, or place into context the portion already introduced,'" *United States v. Garcia*, 530 F.3d 348, 352 (5th Cir. 2008) (quoting *United States v. Branch*, 91 F.3d 699, 728 (5th Cir. 1996)); *see* Fed. R. Evid. 106, the portions Plaintiff objects to are not necessary to contextualize the May 15 entry. Thus, Plaintiff's objections are **SUSTAINED** as to the specific entries identified as irrelevant in the Report.[3]

### 3. *Plaintiff's objections under the best evidence rule are overruled.*

Plaintiff alleges that Defendant did not submit "complete[,] original" versions of the MRPA and Report and thus the proffered documents violate the "[b]est [e]vidence [r]ule." Pl.'s Evid. Objs. 2–3. Federal Rule of Evidence 1002, commonly referred to as the "best evidence rule," provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." "For electronically stored

---

[3] Importantly, sustaining Plaintiff's objection does not bar the Court from considering the admissible portions of the Report. *See Sartain v. United States*, 16 F.2d 704, 706 (5th Cir. 1927) ("Only such portions of a document as are admissible should be offered or received in evidence."); *United States v. Angleton*, 269 F. Supp. 2d 878, 885 (S.D. Tex. 2003) (collecting cases) ("The court may redact portions of a written statement containing inadmissible hearsay while admitting portions of the statement that are admissible.").

information, 'original' means any printout — or other output readable by sight — if it accurately reflects the information."  Fed. R. Evid. 1001(d).

In his Declaration, Pellegrin states that the Report submitted to the Court was a "true and correct copy of an excerpt of a report generated from Workday," a cloud-based system used by Defendant.  Pellegrin Decl. ¶ 3, 13.  Pellegrin further asserted that the MRPA is a "true and correct copy of the MRPA Plaintiff signed on May 15, 2019, obtained from Plaintiff's Workday account." *Id.* ¶ 13.  Accordingly, the Court finds the MRPA and Report are originals not barred by Rule 1002. *See Rosales v. Coca-Cola Sw. Beverages LLC,* No. EP-18-CV-361-PRM, 2019 WL 1493359, at *4 (W.D. Tex. Apr. 3, 2019) (printout "depicting [p]laintiff's acknowledgment of receipt and notice of the arbitration agreement" is an "original" not barred by the best evidence rule); *Banuelos v. Alorica, Inc.*, No. EP-20-CV-65-DB, 2020 WL 4060781, at *2–3 (W.D. Tex. July 20, 2020) (printout of report logging plaintiff's onboarding history and electronic signatures does not violate best evidence rule because "a printout is considered an original").

Thus, Plaintiff's Rule 1002 objections are **OVERRULED**.

### 4. *Plaintiff's hearsay objections are overruled.*

Plaintiff objects to the Report as containing inadmissible hearsay.  Pl.'s Evid. Objs. 4–14. Hearsay is inadmissible unless an exception applies.  Fed. R. Evid. 802.  "Simply stated, 'hearsay' is any out-of-court statement introduced in evidence for the purpose of proving the truth of the matter contained in the statement."  *United States v. Williamson*, 450 F.2d 585, 589 (5th Cir. 1971) (citation omitted); *see* Fed. R. Evid. 801.

With respect to evidence not yet deemed inadmissible, Plaintiff challenges the entry titled "Mutual Resolution Process Agreement (English)," which provides that Plaintiff signed to "acknowledge that [she] underst[oo]d and agree[d] to the Mutual Resolution Process Agreement"

on May 15, 2019. Pl.'s Evid. Objs. at 13; Def.'s Mot. Compel Ex. 1 at 12.[4]  Because a signed

contract is considered to have "legal reality independent of the truth of any statement contained in

it," *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994), Plaintiff's

signature constitutes a "verbal act," rather than a statement. *See id.* (citing *Casey v. Western Oil &

Gas, Inc.*, 611 S.W.2d 676, 680 (Tex. Civ. App. 1981)).  Thus, the Report is not properly

characterized hearsay, but rather a record documenting the act of signing.[5]

Moreover, even if the electronic signature was considered hearsay, the entry would warrant

admission under the business records exception. Under the so-called "business records exception,"

records that would otherwise be considered inadmissible may be submitted into evidence if:

> (A) the record was made at or near the time by — or from information transmitted
> by — someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business,
> organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another
> qualified witness, or by a certification that complies with Rule 902(11) or (12) or
> with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or
> circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). "A proper foundation is laid for business records simply by an affidavit that

attests to the requisite elements of [Federal Rule of Evidence] 803(6)." *United States v. Towns*, 718

F.3d 404, 409 (5th Cir. 2013). Authority from within the Fifth Circuit establishes that an affidavit

is deemed sufficient even where its language simply "tracks Rule 803(6) . . . word for word."

---

[4]    Plaintiff also raised a hearsay objection to several other entries contained in the Report which have already
been deemed inadmissible. *See* Pl.'s Evid. Objs. 4–14; *see supra* Section II(B)(2). To the extent these entries contain
inadmissible hearsay,  the Court need not strike the entire Report but instead may simply disregard the inadmissible
portions. *See supra* note 3.
[5]    That the Report documents Plaintiff's electronic, rather than handwritten, signature is immaterial. Texas law
dictates the validity of the arbitration agreement, *see Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 202 (5th Cir.
2016), and by extension, the legal effect of the steps taken to create that contract. Under both Texas state law, a "record
or signature may not be denied legal effect or enforceability solely because it is in electronic form." *See Wagle v.
Parsons Corp.*, No. CV H-19-0359, 2019 WL 13418327, at *2 (S.D. Tex. July 25, 2019) (quoting Tex. Bus. & Com.
Code § 322.007).

*Towns*, 718 F.3d at 409; *see United States v. Hagen*, No. 3:19-CR-0146-B, 2021 WL 2292410, at
*2 (N.D. Tex. June 3, 2021) (collecting cases).

Pellegrin's Declaration indicates that he is a records custodian for the Defendant.  Pellegrin
Decl. ¶ 16.  Explicitly "tracking" Rule 803(6)'s requirements, Pellegrin swore (1) the Report was
"made at or near the time" the acts underlying each entry occurred, by Pellegrin or "from
information transmitted by persons with knowledge of the matters set forth"; (2) the Report was
"kept in the course of regularly conducted business activity"; and (3) "it is the regular practice of
these business activities to make [such reports]."  *Id.*  Given that Plaintiff did not otherwise show
the records or their source should be deemed untrustworthy, the Court finds that the Report falls
within the business records exception.

Thus, the entry is admissible because it does not contain hearsay.  Even if the entry
contained hearsay, it would qualify for a hearsay exception.  Accordingly, Plaintiff's hearsay
objections are **OVERRULED**.

### 5.  *Plaintiff's objection that the MRPA violates the rule of completeness is overruled.*

Defendant asks that the court exclude the MRPA from consideration because it violates the
"[r]ule of [c]ompleteness," given that "last page of the [MRPA] contains no signature lines, and
ends with an incomplete, cut off sentence."  *See* Pl.'s Evid. Objs. 2.  Plaintiff's objection fails for
two reasons.

First, the common law "rule of completeness," partly codified in Federal Rule of Evidence
106, "guards against [the] admission . . . of truncated statements likely to present an out-of-context
picture."  *United States v. Herman*, 997 F.3d 251, 263–64 (5th Cir. 2021) (quoting *United States v.
Jones*, 663 F.2d 567, 571 (5th Cir. 1981)).  Under this rule, an adverse party may compel the
introduction of additional or complete writings to provide necessary context to evidence submitted

to the court.  Fed. R. Evid. 106.   Thus, even if the Court were to find the MRPA was incomplete, the remedy would be "to complete the document, not strike it."  *Dunn v. Hunting Energy Servs.*, 288 F. Supp. 3d 749, 765 (S.D. Tex. 2017).

Second, while the cited characteristics of the MRPA suggest that content could be missing, Pellegrin's testimony indicates the MRPA is a "complete and original or exact cop[y] of the original."  Pellegrin Decl. ¶ 16.  Plaintiff has not produced testimony or evidence to contradict the Declaration.  Finding Pellegrin's testimony outweighs the speculative arguments presented by Plaintiff, the Court concludes that the MRPA was submitted in its entirety.  Accordingly, the Court does not find it requires additional context to fairly consider the MRPA.

Therefore, Plaintiff's request that the Court exclude the MRPA from consideration because it violates the rule of completeness is **OVERRULED**.

For foregoing reasons, Plaintiff's evidentiary objections are **SUSTAINED in part** and **OVERRULED in part**.  In evaluating Defendant's requests to compel arbitration and dismiss Plaintiff's claims, the Court may consider the MRPA in full, as well as those portions of the Report not deemed inadmissible.

### C. Defendant's Motion to Compel is granted in part, as to Defendant's request to compel arbitration.

"Enforcement of an arbitration agreement involves two analytical steps. The first is contract formation—whether the parties entered into any arbitration agreement at all. The second involves contract interpretation to determine whether this claim is covered by the arbitration agreement."  *Kubala*, 830 F.3d at 201 (emphasis omitted).  While both questions are typically addressed by the court, this analysis changes where the power to rule on arbitrability is delegated to an arbitrator.  *Id.*  In such instances, while the court undertakes the first step as it ordinarily would,  its remaining task is simply to determine "whether the purported delegation clause is in

fact a delegation clause." *Id.* at 202 (citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010)).  Where it finds a valid delegation clause exists, determinations regarding the scope of the agreement – as well as the merits of the dispute itself – must be reserved for the arbitrator through an order compelling arbitration.  *See id.*

### 1. *A valid arbitration agreement exists between the parties.*

While the "[t]he majority of other circuits apply a summary judgment-like standard" when considering a motion to compel arbitration, *Jackson v. Royal Caribbean Cruises, Ltd.*, 389 F. Supp. 3d 431, 443, 444 n.6 (N.D. Tex. 2019) (quoting *Rain CII Carbon, LLC v. ConocoPhillips Co.*, No. CIVA 09-4169, 2010 WL 148292, at *3 (E.D. La. Jan. 11, 2010)) (citing *Grant v. House of Blues New Orleans Rest. Corp.*, No. CIV.A. 10-3161, 2011 WL 1596207, at *2–4 (E.D. La. Apr. 27, 2011)), the Fifth Circuit has declined to "decide whether the 9 U.S.C. § 4 standard in this Circuit is congruent with the summary judgment evidentiary standard of [Federal Rule of Civil Procedure] 56," *Soni v. Solera Holdings*, LLC., No. 21-10428, 2022 WL 1402046, at *3 (5th Cir. May 4, 2022) (quoting *Gallagher v. Vokey*, 860 F. App'x 354, 357 (5th Cir. 2021)).  Even still, the Fifth Circuit has held that Section 4 of the FAA places the initial burden on the moving party to present "competent evidence" of formation. *Gallagher*, 860 F. App'x at 357 (citing *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1154 (5th Cir. 1992)).  Once this burden is met, the non-movant must place the existence of a contract "in issue." *Id.* at 357–58.  Only after the existence is placed "in issue" does the burden return to the movant "to prove the existence of an agreement to arbitrate by a preponderance of the evidence." *Chester v. DirecTV, LLC*, 607 F. App'x 362, 364 (5th Cir. 2015) (citing *Banks v. Mitsubishi Motors Credit of Am., Inc.*, 435 F.3d 538, 540 (5th Cir. 2005) (per curiam)).

    *a.  Defendant produced competent evidence that an agreement to arbitrate was formed.*

    "Determining whether a valid arbitration agreement exists is a question of state contract law." *Trujillo v. Volt Mgmt. Corp.*, 846 F. App'x 233, 235 (5th Cir. 2021) (citing *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 688 (5th Cir. 2018).  Under Texas law, a valid contract exists where there is "(1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with intent that it be mutual and binding," and (6) consideration.  *Huckaba*, 892 F.3d at 689 (quoting *In re Capco Energy, Inc.*, 669 F.3d 274, 279-80 (5th Cir. 2012)); *see also In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 676 (Tex. 2006) (citing *In re AdvancePCS Health L.P.,* 172 S.W.3d 603, 607 (Tex. 2005) (per curiam); *In re Halliburton Co.,* 80 S.W.3d 566, 569–70 (Tex. 2002)).

    With respect to the first two requirements, the record reflects that Defendant's submission of the MRPA to Plaintiff constituted an offer, *see* Def.'s Mot. Compel Ex. 1 at 2 ("By submitting this Program to the Associate, the Company and the Entities agree to this Program and its terms and conditions."), which Plaintiff then accepted "by beginning or continuing employment with the Company after April 8, 2019," pursuant to the terms of the MRPA, *see id.*; *see* Compl. ¶ 12–33 (indicating Plaintiff continued to work for Defendant until at least December 2023).

    Next, the evidence submitted by Defendant shows that Plaintiff signed to acknowledge her familiarity with the terms of the MRPA, *see* Def.'s Mot. Compel Ex. 1 at 9, 12; Pellegrin Decl. ¶ 13, and took the required action to accept its terms, *see* Def.'s Mot. Compel Ex. 1 at 2*; see* Compl. ¶ 12–33.  Thus, Defendant met its burden to establish the third and fourth elements. *See Ellison v. Three Rivers Acquisition LLC*, No. 13-17-00046-CV, 2022 WL 17663839, at *6 (Tex. App. Dec. 15, 2022) (citing *City of the Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 720 (Tex. App.

2008)) ("[a] meeting of the minds occurs if there is a mutual understanding and assent to the agreement regarding the subject matter and the essential terms of the contract").

As to the fifth requirement,  the parties' intention to be bound by their agreement to arbitrate is demonstrated by use of compulsory language in the arbitration clause, *see* Def.'s Mot. Compel Ex. 1 at 2 (Plaintiff "*must* bring any Covered Dispute . . . they have in arbitration, rather than in court") (emphasis added),  as well as the absence of conditional language throughout the MRPA, *see id.* at 2–9.

Finally, consideration is found where, as here, evidence shows the parties made bilateral promises to arbitrate. *See In re Palm Harbor Homes, Inc*., 195 S.W.3d 672, 676 (Tex. 2006) (citing *In re AdvancePCS,* 172 S.W.3d at 607); Def.'s Mot. Compel Ex. 1 at 3 (obligating all parties to "bring any Covered Disputes . . .  in arbitration" and "waive any right to initiate or participate in a class or collective action").

Accordingly, Defendant met its burden to establish, by competent evidence, each element of contract formation.  The burden thus shifts to Plaintiff to place the existence of the arbitration agreement "in issue."

   *b.  Plaintiff failed to place the existence of the arbitration agreement "in issue."*

To place the existence of an arbitration agreement "in issue," a non-movant must "unequivocally deny[] entering the contract"  and "produc[e] evidence sufficient to substantiate" her denial.  *Soni*, 2022 WL 1402046, at *3 (citing *T & R Enters., Inc. v. Cont'l Grain Co.*, 613 F.2d 1272, 1278 (5th Cir. 1980)); *Dillard,* 961 F.2d at 1154).  Here, Plaintiff fails to satisfy either requirement – she neither offers evidence to contradict the record, nor does she otherwise allege that she did not enter into an enforceable agreement with Defendant.  *See Resp.*  Thus, Plaintiff did not meet her burden to place the agreement "in issue."

Accordingly, Defendant met its burden to prove a valid arbitration agreement exists between the parties.

### 2. Any issues regarding arbitrability are reserved for the arbitrator.

A delegation clause contained in a valid arbitration agreement is binding where "it evinces an intent to have the arbitrator decide whether a given claim must be arbitrated." *Kubala,* 830 F.3d at 202 (citing *Rent-A-Ctr., W., Inc.*, 561 U.S. at 68–69). Included in the MRPA is a provision which states that "[a]ny dispute as to arbitrability, including disputes about this Program's enforceability, unconscionability, validity and applicability to a particular Covered Dispute must be resolved by the arbitrator in arbitration and not by the court." Def.'s Mot. Compel Ex. 1 at 7. Such a clause clearly reflects an intent to reserve questions of arbitrability for the arbitrator. Accordingly, questions regarding the scope of the arbitration agreement should be determined by the arbitrator, rather than the Court.

Given that a valid arbitration agreement exists between the parties and further inquiry into the scope of the agreement is reserved for the arbitrator, Defendant's Motion to Compel is **GRANTED in part**, as to Defendant's request to compel arbitration.

### D. The Court recommends that Defendant's Motion to Compel be denied in part, as to Defendant's request to dismiss Plaintiff's claims with prejudice.

Defendant further requests that the Court dismiss Plaintiff's claims with prejudice. Def.'s Mot. Compel 4. However, in *Smith v. Spizzirri*, 601 U.S. 472, 479 (2024), the Supreme Court held Section 3 of the Federal Arbitration Act ("FAA") requires courts to stay, rather than dismiss, proceedings "when a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration." Even where a party does not request a stay, the Fifth Circuit has long held that a court may elect to stay, rather than dismiss, proceedings pending arbitration.

*Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 311 (5th Cir. 2003) (citing *McDermott Int'l, Inc. v. Underwriters at Lloyds,* 981 F.2d 744, 748 (5th Cir. 1993).

On the question of dismissal, Plaintiff states only that "a court cannot dismiss but must 'stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.'" Pl.'s Resp. Mot. Compel 17 n.1 (quoting *Smith*, 601 U.S. at 476–77) (citing 9 U.S.C. §3). The Court need not parse linguistic technicalities to determine whether Plaintiff's potentially oversimplified statement of law constitutes a request, such that a stay is required under *Smith*. Rather, it simply finds that, at this stage, a stay is the most appropriate procedural mechanism, both in view of existing precedent and in the interest of avoiding administrative inefficiencies. *See Smith*, 601 U.S. at 478–79 ("[k]eeping [a] suit on the court's docket makes good sense" in light of the "supervisory role that the FAA envisions for the courts" and the "complications that might arise if a party were required to bring a new suit.").

Accordingly, the Court **RECOMMENDS** that Defendant's Motion to Compel be **DENIED in part**, as to Defendant's request to dismiss Plaintiff's claims with prejudice.

### III.    CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Plaintiff Emma Apodaca's "Motion to Strike the Evidence Attached to Defendant's Reply to Plaintiff's Objections and Response to Defendant's Motion to Dismiss and Compel Arbitration," ECF No. 12, is **DENIED**.

As to Defendant SCI Texas Funeral Services, LLC's "Motion to Dismiss and Compel Arbitration," ECF No. 7:

1. the Motion is **GRANTED in part**, as to Defendant's request that Plaintiff be compelled to submit her claims to arbitration;

2.  the Court **ORDERS** Plaintiff to initiate arbitration proceedings within 30 days of entry of this order;

3.  the Court **RECOMMENDS** the Motion be **DENIED in part**, as to Defendant's request that the Court dismiss Plaintiff's claims; and

4.  the Court **FURTHER RECOMMENDS** that, following the adoption, rejection, or modification of the preceding recommendation, the Court **ORDER** that all proceedings in this case be stayed pending the outcome of arbitration.

**SIGNED** this 3rd day of December, 2025.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE</u>

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**